**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nasser Bashiri; Nancy Bashiri,         ) | No. CV 07-2268-PHX-JAT |
|                                         ) | |
| Plaintiffs,         ) | **ORDER** |
|                                         ) | |
| vs.                                     ) | |
|                                         ) | |
| Vincent Sadler; Richard T. Reibman;) | |
| Schwartz Cooper Chartered,         ) | |
|                                         ) | |
| Defendants.         ) | |
|                                         ) | |

Pending before the Court is Plaintiffs' request for the clerk to enter default against all Defendants and Defendants' request to stay this case as a result of Plaintiffs having filed for bankruptcy. Entry of default is appropriate when dually served Defendants have "failed to plead or otherwise defend" the lawsuit. Fed. R. Civ. Pro. 55(a). In this case, Defendants have sought a stay (Doc. #12); therefore, the Court can not conclude that they have not "otherwise defend[ed]" this litigation.

However, with regard to the motion to stay, the automatic stay provisions of the bankruptcy code do not apply to proceedings initiated by the debtor, as is the case here. *See Martin-Trigona v. Champion Federal Savings & Loan*, 1988 WL 46596, *2 (N.D. Ill. 1988); *In re Hill*, 39 B.R. 894, 897 (Bkrtcy. Or., 1984). Defendants, while correctly noting that this litigation is now property of the bankruptcy estate, have cited no authority for their arguments that, "Until the 'proper' plaintiff is in place, this lawsuit should not move

1  forward." Doc. #12 at 2. In this circumstance, the Court finds no reason to stay this litigation.

2  Accordingly,

3  **IT IS ORDERED** that Plaintiffs' request for entry of default (Doc. #13) is denied

4  without prejudice to refiling this request if Defendants fail to comply with the terms of this

5  Order;

6  **IT IS FURTHER ORDERED** that Plaintiffs shall send a copy of this Order and all

7  other relevant pleadings in this litigation to the bankruptcy trustee within 5 business days of

8  receiving this Order;

9  **IT IS FURTHER ORDERED** that within 10 business days of receiving this Order,

10 the bankruptcy trustee shall file a notice with this Court indicating whether (or not) the

11 trustee intends to intervene as the real party in interest in this litigation;

12 **IT IS FURTHER ORDERED** that Defendants' motion to stay (Doc. #12) is denied;

13 Defendants shall answer or otherwise respond to the First Amended Complaint within 15

14 business days of receiving this Order.

15 DATED this 3rd day of March, 2008.

_____
James A. Teilborg
United States District Judge