**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nasser Bashiri; Nancy Bashiri, | No. CV 07-2268-PHX-JAT |
| Plaintiffs, | **ORDER** |
| vs. | |
| Vincent Sadler; Richard T. Reibman; Schwartz Cooper Chartered, | |
| Defendants. | |

Defendants have moved to transfer this case to the Northern District of Illinois under the first-to-file rule or, alternatively, under 28 U.S.C. §1404(a). Plaintiffs oppose transfer on several grounds, including that the relevant activities occurred in Arizona and that the Defendants' witnesses in Illinois are irrelevant.

**I.      Background**

On September 27, 2007, Defendant Sadler sued Plaintiffs Nasser and Nancy Bashiri in the Northern District of Illinois ("Illinois litigation"). On November 21, 2007, Plaintiffs filed this case in the District of Arizona against Sadler, Reibman, and Schwartz Cooper Chartered ("Arizona litigation"). On November 26, 2007, the Bashiris filed a motion to transfer the Illinois litigation to Arizona; that motion is pending. On March 18, 2008, Defendants filed the pending motion to transfer the Arizona litigation to Illinois.

The Illinois litigation focuses on the validity and enforcement of a settlement agreement related to the parties' real estate investments. The Arizona litigation focuses on

1  the allegedly improper filing of lis pendens notices on these same investment properties,

2  located in Arizona and Florida.

## II. Legal Standard

'There is a generally recognized doctrine of federal comity which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district.' *Pacesetter Systems, Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94-5 (9th Cir. 1982). This doctrine, known as the first-to-file rule, 'gives priority, for purposes of choosing among possible venues when parallel litigation has been instituted in separate courts, to the party who first establishes jurisdiction.' *Northwest Airlines, Inc. v. American Airlines, Inc.*, 989 F.2d 1002, 1006 (8th Cir. 1993). The rule 'serves the purpose of promoting efficiency well and should not be disregarded lightly.' *Church of Scientology of California v. United States Dep't of Army*, 611 F.2d 738, 750 (9th Cir. 1979). . . .

In applying the first-to-file rule, a court looks to three threshold factors: '(1) the chronology of the two actions; (2) the similarity of the parties, and (3) the similarity of the issues.' *Z-Line Designs, Inc. v. Bell'O Int'l LLC*, 218 F.R.D. 663, 665 (N.D. Cal. 2003). If the first-to-file rule does apply to a suit, the court in which the second suit was filed may transfer, stay or dismiss the proceeding in order to allow the court in which the first suit was filed to decide whether to try the case. *Alltrade, Inc. v. Uniweld Products, Inc.*, 946 F.2d 622, 622 (9th Cir. 1991). 'Circumstances under which an exception to the first-to-file rule typically will be made include bad faith, anticipatory suit and forum shopping.' *Id.* at 628 (internal citations omitted).

[Another] exception to the first-to-file rule is when 'the balance of convenience weighs in favor of the later-filed action.' *Ward v. Follett Corp.*, 158 F.R.D. 645, 648 (N.D. Cal. 1994). This is analogous to the 'convenience of parties and witnesses' under a transfer of venue motion, 28 U.S.C. § 1404(a). *Med-Tec Iowa, Inc. v. Nomos Corp.*, 76 F.Supp.2d 962, 970 (N.D. Iowa 1999); *800-Flowers, Inc. v. Intercontinental Florist, Inc.*, 860 F.Supp. 128, 133 (S.D.N.Y. 1994). The court with the first-filed action should normally weigh the balance of convenience. *Alltrade Inc.*, 946 F.2d at 628.

*Intuitive Surgical Inc., v. California Institute of Technology*, 2007 WL 1150787, *2 (N.D. Cal. Apr. 18, 2007).

## III. Discussion

The Illinois litigation was filed September 27, 2007 and the Arizona litigation was filed November 21, 2007. The Illinois litigation is the first-filed litigation. Thus, this Court must determine whether, as the court with the second-filed suit, it should defer to the Illinois court under the first-to-file rule.

The Court must consider whether there is similarity among the parties. Vincent Sadler and Nasser and Nancy Bashiri are parties to the Illinois litigation. The Arizona litigation involves these same parties, with the addition of Richard Reibman and Schwartz Cooper

Chartered. Exact parallelism is not required; "[i]t is enough if the two proceedings are 'substantially similar.'" *Nakash v. Marciano*, 882 F.2d 1411, 1416 (9th Cir. 1989). That parties are not required to be exactly identical logically prevents a litigant from unnecessarily adding a party or claim in a case involving the same transaction or occurrence solely to defeat the first-to-file rule. *See Interstate Material Corp. v. Chicago*, 847 F.2d 1285, 1288 (7th Cir. 1988). Accordingly, the Court finds the parties in the Illinois and Arizona litigations are substantially similar.

The final factor the Court considers in determining whether the first-to-file rule applies is similarity of the issues. Sadler filed the Illinois litigation alleging breach of a settlement agreement. After their business relationship deteriorated, the parties mediated their dispute through elders of their church and signed a settlement agreement. Sadler is seeking specific performance and money damages. He filed lis pendens on the properties subject to the Illinois litigation in order to secure the obligations he alleges are due to him under the settlement agreement. In the Arizona litigation, the Bashiris filed suit alleging slander of title, tortious interference with contract, and to quiet title, claiming that Defendants improperly recorded six of the eight lis pendens filed on investment properties located in Arizona and Florida. The Bashiris challenge the legitimacy of the lis pendens filed on the six properties where Sadler seeks only money damages, instead of specific performance.

Again, exact parallelism is not required; it is enough if the issues in the two proceedings are substantially similar. *See Nakash*, 882 F.2d at 1416. The purpose of the first-to-file rule is to promote efficiency and "should not be disregarded lightly."*Church of Scientology of California v. United States Dep't of Army*, 611 F.2d 738, 750 (9th Cir. 1979). While the specific legal issues vary across the litigations, the discovery and evidence necessary to litigate each is substantially similar. In the interest of efficiency and to avoid duplicate efforts, the first-to-file rule should not be disregarded in this case. Additionally, the Bashiris concede the similarity of issues across the two litigations. In a brief filed in the Illinois litigation, the Bashiris state "there is another case pending in the District of Arizona involving the same parties and involving the same issues involving the same real property."

(Doc. # 18, Ex. F, p. 5). Thus, the Court finds the issues are substantially similar for the purposes of the first-to-file rule.

The Court therefore finds that all of the elements of the first-to-file rule are met in this case. As discussed above, there are circumstances in which a court can exercise discretion to decline to apply the first-to-file rule. Those include when the first-filed action was filed in bad faith, was an anticipatory suit, or was filed as part of forum shopping. *Alltrade, Inc. v. Uniweld Products, Inc.*, 946 F.2d 622, 628 (9th Cir. 1991). The Bashiris have not argued that any of these exceptions to the first-to-file rule apply in this case.

The other recognized exception to the first-to-file rule is the balance of convenience, which the Bashiris argue favors Arizona in this case. *Ward v. Follett Corp.*, 158 F.R.D. 645, 648 (N.D. Cal. 1994). Normally, the court with the first-filed action should weigh the balance of convenience. *Alltrade*, 946 F.2d at 628; *see also Intuitive Surgical*, 2007 WL 1150787, *3 (N.D. Cal. Apr. 18, 2007) (second-filed court holding "[a]s stated above, the court in the first-filed action should decide whether there is an exception to the first-to-file rule. Therefore, this Court will not address Intuitives' arguments that Caltech engaged in forum shopping, or that a balancing of convenience factors weighs in favor of litigating in Northern California. The Court defers to the Eastern District of Texas to decide the appropriate forum and whether an exception to the first-to-file rule is applicable."); *Inherent.Com v. Martindale-Hubble*, 420 F.Supp.2d 1093, 1102 (N.D. Cal. 2006) (second-filed court transferring case jurisdiction where first-filed suit was pending); *Sony Computer Entertainment America, Inc. v. American Medical Response, Inc.*, 2007 WL 781969, *4 (N.D. Cal. Mar. 13, 2007) (first-filed court, after considering exceptions to the first-to-file rule and finding no exception, kept the case).

In this case, this Court finds no reason to deviate from the normal rule, as articulated by the Ninth Circuit, that the first-filed court should consider the exceptions to the first-to-file rule. Therefore, this Court defers to the Northern District of Illinois to decide the appropriate forum and whether an exception to the first-to-file rule is applicable.

Additionally, because the Court finds transfer appropriate under first-to-file, it will not discuss factors related to transfer under 28 U.S.C. § 1404(a).

Accordingly,

**IT IS ORDERED** that the Defendants' motion to transfer to the Northern District of Illinois (Doc. # 18) is **GRANTED**.

DATED this 25th day of June, 2008.

_____
James A. Teilborg
United States District Judge